UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY F. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01668-SEB-MJD |
| | ) | |
| LAWLESS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Defendants' Motion for Summary Judgment**

Anthony F. Wilson, an inmate at Pendleton Correctional Facility, filed this action alleging that the defendants failed to protect him from an attack by another inmate. The defendants, two prison officers, have moved for summary judgment. Because the undisputed evidence would not allow a jury to find that the defendants were deliberately indifferent to Mr. Wilson's safety, summary judgment must be **granted**.

## I.      Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has met its burden, "the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

## II.       Undisputed Facts

Another inmate attacked Mr. Wilson in the medical area at Pendleton around 2:00 p.m. on May 24, 2017. Dkt. 33-2 at 2, ¶ 4 (Cory Conlon declaration). The fight lasted about 30 seconds, and Mr. Wilson suffered injuries to his teeth, gums, lips, and eyes. *Id.*, ¶ 5; *see also* dkt. 2 at 4 (Wilson verified complaint).

Defendant Officer Lawless was in a booth nearby, but he did not see the fight because he was asleep. Dkt. 2 at 4. Defendant Officer Pitts missed it too, even though he was monitoring a display of 48 live security camera feeds, including one that showed the fight. Dkt. 4 at 1−2, ¶ 4 (Pitts declaration). There is no evidence that either officer knew of any danger to Mr. Wilson before the fight occurred.

After the fight, a bystander inmate found a lieutenant who helped get Mr. Wilson medical attention. Dkt. 33-2 at 2, ¶ 5. According to Mr. Wilson, it took almost an hour before anyone responded. Dkt. 2 at 4.

## III.       Discussion

This case highlights the gap between negligence and deliberate indifference. Falling asleep on the job is often an act of negligence, especially when your job is monitoring prisoners in a maximum security prison.[1] But the Constitution does not protect prisoners from officials'

---

[1] The Indiana Department of Correction website describes Pendleton as "a level three maximum security adult male facility." Pendleton Correctional Facility, "Facility History," available at

negligence. To win on his Eighth Amendment failure-to-protect claim, Mr. Wilson must convince a jury that (1) he faced an excessive risk to his health or safety and (2) the defendants knew about the risk but were deliberately indifferent to it. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Mr. Wilson argues that Indiana Department of Correction policy requires staff to remain awake and alert while on the job. Dkt. 51 at 2. True enough, but the Eighth Amendment does not incorporate prison policies or regulations. *See Sandin v. Conner*, 515 U.S. 472, 481−82 (1995) (prison regulations are "primarily designed to guide correctional officials in the administration of a prison" and are "not designed to confer rights on inmates"). To survive summary judgment on a failure-to-protect claim, Mr. Wilson must produce evidence to satisfy the elements of deliberate indifference.

This he cannot do. There is no evidence that Officer Lawless or Officer Pitts knew about the risk of an attack on Mr. Wilson. Indeed, it is undisputed that they did not. *See* dkt. 33-1 (Officer Pitts asserting he did not know about attack until after it happened); dkt. 2 at 4 (Mr. Wilson asserting that Officer Lawless slept through the attack). In a maximum security prison, there is almost always a heightened risk of violence. But that alone is not enough. *See Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) ("[A] general risk of violence in a maximum security unit does not by itself establish knowledge of a substantial risk of harm."). Because the officers had no notice of a specific threat to inmate safety, a reasonable jury could not find they were deliberately indifferent, so the officers are entitled to summary judgment.

---

https://www.in.gov/idoc/find-a-facility/adult-correctional-facilities/pendleton-correctional-facility/facility-history/.

#### IV. Other Pending Motions

The defendants moved to strike Mr. Wilson's surreply, and Mr. Wilson in turn moved to strike the defendants' reply. Mr. Wilson concedes that his surreply was improperly filed and should be stricken. Dkt. 56 at 1. The defendants' motion to strike, dkt. [55], is therefore **granted**.

Mr. Wilson's motion to strike takes issue with the defendants' argument that Mr. Wilson's response does not comply with Local Rule 56-1. Dkt. 56 at 2−3; *see also* dkt. 52 at 1−2 (defendants' reply). The defendants are correct that Mr. Wilson did not strictly comply with the local rule, so Mr. Wilson's motion to strike, dkt. [56], is **denied**. But the Court notes that, despite Mr. Wilson's lack of strict compliance with the local rules, the Court considered his response when deciding the motion for summary judgment.

#### V. Conclusion

The defendants' motion for summary judgment, dkt. [33], is **granted**. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date:    7/12/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY F. WILSON
132354
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

4